NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARY FAITH NUGIEL and RCP MANAGEMENT CO., | : : : : : : : : : : : : | CIVIL ACTION NO. 15-7787 (MLC)<br><br>**MEMORANDUM OPINION** |
| Plaintiffs, | | |
| v. | | |
| WESTCHESTER FIRE INSURANCE CO., | | |
| Defendant. | | |

**ELIZABETH COMANDO** commenced an action in New Jersey state court ("State Employment Proceedings") to recover damages for an alleged breach of an employment agreement and alleged constructive discharge under state law against: (1) RCP Management Co. ("RCP"); and (2) Mary Faith Nugiel (collectively, "Insureds"). (See dkt. 1 at 4, 10.) The State Employment Proceedings remain pending. (Id. at 9, 14–15.) Westchester Fire Insurance Co. ("WFIC") allegedly provided "employment practices liability insurance" coverage to the Insureds. (Id. at 2–3.)

**NUGIEL AND RCP** brought this separate action in federal court on October 29, 2015, against WFIC for a judgment declaring that WFIC is obligated to defend and indemnify them in the State Employment Proceedings ("Declaratory Judgment Action"). (Id. at 12–16.)[1] Nugiel and RCP assert jurisdiction under 28 U.S.C. § ("Section") 1332.

---

[1] The Declaratory Judgment Action was brought in federal court on October 29, 2015, but was not assigned to this Judge until November 2, 2015. (See generally dkt. 1 (noting same).)

**A DETERMINATION** by this Court concerning any claim in the Declaratory Judgment Action would necessarily affect — and thus interfere with — the State Employment Proceedings. Furthermore, either: (1) WFIC could be named in — or move to join — the State Employment Proceedings as a defendant, a third-party defendant, or an interested party; or (2) Nugiel and RCP could bring the declaratory-judgment claims in the appropriate state court and seek to have them consolidated with the State Employment Proceedings. As a result, this Court will abstain from adjudicating the Declaratory Judgment Action. See Wilton v. Seven Falls Co., 515 U.S. 277, 280–90 (1995) (upholding Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942)).

**THE DECLARATORY JUDGMENT ACTION**: (1) is a declaratory-judgment action involving insurance-coverage issues under state law; (2) concerns issues that are being raised in the State Employment Proceedings; and (3) could be adjudicated in the same forum as the State Employment Proceedings. As a result, the complaint in the Declaratory Judgment Action should be dismissed. See Del Suppo, Inc. v. Nautilus Ins. Co., No. 07-952, 2007 WL 2345287, at *2–3 (W.D. Pa. Aug. 16, 2007) (declining to exercise jurisdiction over declaratory-judgment action where insured sought indemnification from insurer in pending state court case); see also Williams v. State Auto Prop. & Cas. Ins. Co., No. 08-4983, 2009 WL 1119502, at *2–3 (E.D. Pa. Apr. 24, 2009) (declining to exercise jurisdiction over declaratory-judgment action concerning insurance coverage, and noting "the possibility of interfering with the state court cases regarding the same matter is substantial" because the conduct of certain parties would need to be

addressed in both the underlying state action and the declaratory-judgment action). The dismissal will be without prejudice to Nugiel and RCP to recommence the claims of the Declaratory Judgment Action in the appropriate state court within 30 days, as the limitations period is tolled by the filing of a federal complaint. See Jaworowski v. Ciasulli, 490 F.3d 331, 333–36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191–95 (1980).

**THIS COURT**, in view of the pending State Employment Proceedings, must "promote judicial economy by avoiding duplicative and piecemeal litigation." State Auto Ins. Cos. v. Summy, 234 F.3d 131, 135 (3d Cir. 2001). The claims against WFIC "ha[ve] no special call on the federal forum." Id. at 136. Accordingly, this Court will dismiss the complaint in the Declaratory Judgment Action without prejudice.[2]

**FOR GOOD CAUSE APPEARING**, this Court will issue an appropriate order and judgment.[3]

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

**Dated:** November 3, 2015

---

[2] Comando should have been named in the Declaratory Judgment Action. See N.J.S.A. 2A:16-56 (when declaratory relief is sought, all parties interested in the potential declaration must be made parties to the proceeding). Comando's interests would certainly be affected if the Insureds are found to be liable in the State Employment Proceedings, but have no insurance coverage.

[3] The parties are advised, as to the claims for declaratory relief, that the Declaratory Judgment Act, Section 2201, "does not and cannot serve as an independent basis for federal jurisdiction." TIG Ins. Co. v. Reliable Research Co., 334 F.3d 630, 634 (7th Cir. 2003); see Terra Nova Ins. Co. v. 900 Bar, 887 F.2d 1213, 1218 n.2 (3d Cir. 1989) (same).